EDWARDS, Judge.
Plaintiff was involved in two vehicular accidents, one on May 9,1981, and the other on February 16, 1982. Although plaintiff’s accidents involved different opposing drivers, both were insured by Southern Farm Bureau Casualty Insurance Company.
Plaintiff first sued on the May 9 accident, naming J.T. Howell, Monroe Nelson, Frank Seldens, Jr., State Farm Mutual Automobile Insurance Company and Southern Farm as defendants. A pretrial order was prepared in which Southern Farm alleged that any injuries plaintiff received were sustained in accidents prior and subsequent to the May 9 accident. After trial, judgment was rendered in favor of defendants and plaintiff’s demands were rejected.
Subsequently, plaintiff filed suit against Southern Farm and Peggy Perkins, the driver in the second accident, for injuries allegedly caused by the February 16 accident. In response, defendants filed an answer in which they allege that plaintiff’s injuries were caused by the earlier May 9 accident. Plaintiff, contending that this allegation was insufficient and scandalous in light of Southern Farm’s representations in the earlier suit, filed a motion to strike the paragraph from defendants’ answer. The trial court granted plaintiff’s motion, from which defendants, sought supervisory writs from this court. We granted alternative writs, which the plaintiff and trial judge opposed, prompting this opinion.
In his reasons for judgment, the trial judge stated that he felt it was improper for Southern Farm to defend the May 9 suit by alleging that plaintiff’s injuries were due to the February 16 accident, and then subsequently defend the February 16 suit by contending that plaintiff’s injuries were incurred in the May 9 accident.
However, motions to strike are not favored in the law and should not be *1123 granted unless clearly warranted. Brown v. Joiner International, Inc., 523 F.Supp. 333 (D.C.S.D.Ga.1981); Smith v. Gautreau, 348 So.2d 720 (La.App. 1st Cir.1977). It must be noted that had plaintiff sued all of the defendants in one suit rather than two, Southern Farm would have been allowed to plead alternative defenses, even though their factual bases may be inconsistent. La.C.C.P. art. 1006. To prevent Southern Farm from pleading the same defenses simply because plaintiff chose to file two suits would be inequitable, especially here where different counsel represented Southern Farm in both suits and Perkins was not a party defendant in the first suit.
Accordingly, we therefore order that the alternative writ previously issued be made peremptory, and the trial judge is ordered to recall and vacate his order of May 10, 1983, granting plaintiff’s motion to strike.
WRIT MADE PEREMPTORY.