447 So.2d 1211 (1984)
STATE of Louisiana In the Matter of Rejeanne, Rhonda and Rhondell WILLIAMS.
No. 83-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Writ Denied May 4, 1984.
*1212 Mary Hotard Becnel, Becnel, Landry & Becnel, LaPlace, for plaintiffs-appellees.
Sylvia Taylor Steib, Reserve, for defendant-appellant.
Before KLIEBERT, BOWES and CURRAULT, JJ.
CURRAULT, Judge.
This appeal arises from a judgment changing the custody of three minor children, Rejeanne, Rhonda and Rhondell Williams, from the father, Ivory Williams, to the deceased's wife's parents, the children's maternal grandparents, Lucille and Eugene Braud. The judgment further awarded visitation privileges to Ivory Williams.
The wife of Ivory Williams and mother of the three children died on October 11, 1977. Since that time, the children have been in the care and custody of the father, Ivory Williams.
On January 12, 1983, the maternal grandparents filed a petition for custody, alleging lack of adequate supervision by defendant resulting in sexual abuse of the two girls by unknown person(s). An investigation was made by the Department of Health and Human Resources and a report was submitted to the court. Trial was set for April 8, 1983, but was continued to May 2. At that time, the case was again continued and reset for May 25, 1983. On May 25, 1983, newly retained counsel for Ivory Williams requested and received another continuance. Consequently, the case was reset for trial on June 8, 1983, and both counsel were served with notice.
On June 6, 1983, counsel for defendant Williams withdrew; and, on June 8, 1983, counsel for Williams appeared advising of her withdrawal from the case. Neither Mr. Williams nor the children appeared. Nevertheless, the trial proceeded and judgment was rendered on June 21, 1983 in favor of the maternal grandparents, subject *1213 to visitation rights of the father, Ivory Williams.
Defendant Williams thereafter perfected this appeal, alleging as error the following:
(1) Whether or not the trial court erred when it awarded custody of the minor children to the maternal grandparents where there was no service on the father or notice of the trial date of June 8, 1983, and where his attorney of record withdrew from the case prior to June 8, 1983; and
(2) Whether or not the trial court erred in finding that the father, Ivory Williams, was unfit and that the children should be removed from his custody.
The first issue raised in appellant's specification of errors is not argued in brief. Consequently, the court may conclude that the issue has been abandoned under Uniform Rules-Courts of Appeal, Rule 2-12.4.
Appellant asserts in the second issue that the trial court erred in changing custody as the evidence does not support a finding that the father is an unfit parent. We agree, after a review of the law and evidence.
The contest for custody between a parent and nonparent requires the application of more stringent legal principles than solely the best interest test upon which the trial court's decision was apparently based. Upon the death of one parent, the surviving parent is granted the right to care for and retain custody of minor children. LSA-C.C. Articles 216, 250 and 146. To deprive a natural parent of the right, convincing proof must be established that the parent is unfit or has forfeited parental right to custody by action or omission. LaPointe v. Menard, 412 So.2d 223 (La.App. 3d Cir.1982). The jurisprudence has consistently held that a parent has a paramount right to custody of his or her child and may be deprived of such right only for compelling reasons. Wood v. Beard, 290 So.2d 675 (La.1974); Deville v. LaGrange, 388 So.2d 696 (La.1980); State in the Interest of Simolke, 422 So.2d 196 (La.App. 4th Cir.1982). While great weight is given to the trial court in determining custody, forfeiture of the preferential right to custody must be expressly determined and well supported. Litton v. Lewis, 409 So.2d 1254 (La.App. 2d Cir.1982).
The facts reveal that three children were born of the marriage between Ivory Williams and Enola Braud Williams. The oldest girl, Rejeanne, was born May 7, 1972, and a set of twins, Rhonda, a girl, and Rhondell, a boy, were born August 8, 1975. Mrs. Williams died on October 11, 1977 due to a heart condition. Subsequent to the wife's death, Mr. Williams cared and provided for the children, utilizing the assistance of his own family members as well as the maternal grandparents who saw the children often. The Department of Health and Human Resources first received a complaint of sexual abuse regarding the younger girl, Rhonda, in August, 1979, from Mr. and Mrs. Braud through attorney Daniel Becnel. The child was treated and returned home with no further reoccurrences until December of 1979. Mr. Williams was advised by the Department that closer supervision of the children was expected. After monitoring the case for several months, good results were noted and the case was closed. Two and a half years later, another complaint was received concerning both girls, now ages nine and seven. The girls were diagnosed as having gonorrhea and were medically treated for this condition. Again, the Department investigated, but the investigation did not reveal the perpetrator nor where the abuse took place. Mr. Williams was absolutely ruled out as a suspect.
The report of the department indicates that Mr. Williams has been cooperating with the Department with follow-up medical treatment, in changing the babysitting arrangement, and for evaluation of the girls at the Norco Mental Health Clinic. Further, according to the report, he took it upon himself to get everyone living in his mother's household to a health unit for venereal disease cultures. However, due to the confidential nature of the records, *1214 the Department was unable to obtain the results.
The Department concluded that Mr. Williams did not commit the act nor did he intentionally expose the children to the acts. The testimony of the social worker was supportive of custody remaining with the father. Although an investigation of the grandparents indicated their ability to also care for the children, the Department did not recommend a change of custody either in its report or testimony since the father was neither determined to be unfit nor unable to care for the children.
Appellees assert, on the other hand, that the custody awarded them should be maintained because of the father's history of poor supervision of the children which, they allege, has resulted in the sexual abuse of the girls.
A review of the law and the record herein indicates that while sexual abuse may be a compelling reason to change custody, where the facts show as here that the father is innocent and attempting to correct any supervisory problems of the past, it is not appropriate under the law. It is notable that the evidence in this case is particularly nonexistent for a change of custody of the son. Despite the evidence presented by the appellees, the objective party in this case (i.e., the Department social workers) found the children mentally healthy and happy and generally physically fit, and the father a caring parent. Thus, under these facts, we find the grandparents failed in carrying the heavy legal burden of proof required in cases of this nature. Furthermore, while great weight is given to the trial judge in these cases, the trial judge erred herein in failing to apply the proper legal principles as elucidated in Wood, supra, and its progeny in parent versus non-parent custodial dispute.
For the foregoing reasons, therefore, the judgment of the trial court is hereby reversed. All costs of this appeal are to be paid by appellee.
REVERSED.