464 So.2d 463 (1985)
Annie Bell JOHNSON and Warren Champs on Behalf of Keioka JOHNSON
v.
Johnnie Lee EARLS and Laura Earls.
No. 84 CA 1001.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*464 Bernard J. Hardy, Baton Rouge, for plaintiffs-appellants Annie Bell Johnson and Warren Champs on behalf of Keioka Johnson.
William D. Grimley, Ltd., Baton Rouge, for defendants-appellees Johnnie Lee Earls and Laura Earls.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the Family Court which granted permanent custody of a minor child to Johnnie Lee and Laura Earls (appellees).
Annie Bell Johnson and Warren Champs (appellants) instituted this habeas corpus proceeding to gain the custody of Keioka Johnson.[1] Appellants, although not married to each other, are the biological parents of the 21 month old child.
Annie Bell Johnson gave birth to the child on July 8, 1982. Approximately one month following the child's birth appellants voluntarily gave physical custody of the child to the appellees. On the same day Annie Bell Johnson and Laura Earls,[2] talked with an attorney in New Orleans about what procedures would be necessary for the appellees to adopt the child. However, the appellees did not proceed with the adoption until the early part of 1983. The adoption proceedings were never concluded. On September 20, 1983, the appellees filed an abandonment proceeding against appellants. After a hearing on March 7, 1984, the abandonment proceeding was dismissed. On March 8, 1984, Annie Bell Johnson filed for a writ of habeas corpus seeking custody of the minor child. Warren Champs was later joined in the proceedings as an indispensable party. Appellees answered and filed a reconventional demand seeking the permanent care, custody and control of the minor child. A hearing was held on May 1st and 2nd, 1984, and the matter was taken under advisement. The judgment signed on June 25, 1984, awarded the permanent care, custody and control of the minor child to the appellees. This appeal followed.
Appellants allege on appeal that the trial court erred in failing to award them custody of the child. Specifically, appellants argue the trial court must first find appellants to be unable or unfit to care for the child before it can award custody of the child to the appellees. We disagree.
In Boyett v. Boyett, 448 So.2d 819 (La.App. 2d Cir.1984), the court thoroughly discussed how the 1982 amendment to La. C.C. art. 146(B)[3] affects the award of custody *465 of a child to a nonparent in preference to a parent. In Boyett, 448 So.2d at 822, the Second Circuit Court of Appeal correctly observed as follows:
Our scrutiny of Art. 146 as amended by Act 307 convinces us that a change in the law has occurred. The prior jurisprudence had awarded custody to a nonparent in preference to a parent only in those situations in which the parent was unable or unfit to provide the child a home or had forfeited the otherwise superior parental right of custody. See Cawthorne v. Williams, 313 So.2d 915 (La.App. 2d Cir.1975), for example. The primary concern in making such awards was the welfare or best interest of the child, not simply the enforcement of parental rights. Wood v. Beard, supra [290 So.2d 675] at 677.
Under the article as amended, the primary concern remains the same but the judiciary has been given more freedom or latitude to pursue the goal of insuring that the best interest of the child is served in resolving custody disputes between parent and nonparent litigants. Presently, an award of custody to someone other than a parent can be made if it is found that awarding custody to the parent would be detrimental to the child and that the award to the nonparent is required to serve the child's best interest. LSA-C.C. Art. 146 B.
Accordingly, we find that the trial court is not required by law to find a parent unable or unfit to provide a home for the child before it can award custody of the child to a nonparent. Consequently, we will review the trial courts factual finding that awarding custody to the appellants would be detrimental to the child and that awarding custody to the appellees is required to serve the child's best interest. La.C.C. art. 146(B).
The evidence relative to the environment the child presently enjoys living with the appellees establishes the following: The appellees have provided a stable environment continuously after receiving the child when she was one month old. Pearl George and Joe Delpit testified that the appellees are well respected in the community. Cynthia Earls, appellee's sister-in-law, testified that the appellees are loving toward the child and that the child responds to the appellees as any child would respond to its mother and father. There is no evidence in the record to indicate any financial instability in the child's present environment.
The record reveals that appellants gave up physical custody of the child to the appellees when the child was one month old. Mrs. Johnson stated her reason for giving physical custody of the child to the appellees was that she did not want her mother to have to raise the child and that she was, at that time, unable to care for the child. The appellants are not married. Appellants are the parents of two additional children born out of wedlock. Mrs. Johnson also has another daughter that was not fathered by Mr. Champs. Mrs. Johnson presently lives with her mother, but testified that if she regained custody of the child, she "would stop working to take care of her because I know she is not used to being with me". The record reveals that Mrs. Johnson never saw the child from the time she relinquished physical custody until October, 1983, approximately 18 months. However, Mrs. Johnson testified she made several attempts to see her child during that period.
Warren Champs testified that he is presently married to another woman and that he lives with his mother. Mr. Champs admitted that he shot a man in self-defense approximately 3 months prior to the hearing. Mr. Champs never attempted to see the child while she was in the appellees' custody.
Dr. Margaret Pereboom, an expert in child psychology, had occasion to observe the child and the appellees. She testified the child was normal in her social and *466 educational progression and that the child viewed the appellees as her mother and father. Dr. Pereboom explained the term "attachment" as it applies to child rearing. She stated that attachment is the process by which a child latches on to the significant or meaningful adults in their lives. She explained that without attachment, there is usually failure to thrive and the baby will not survive. It was Dr. Pereboom's professional opinion that the process of attachment has taken place between the child and the appellees. She further stated that if the attachment is disrupted, the child usually becomes depressed and withdraws from society. Dr. Pereboom also explained the importance of stability for a child. After being presented with a hypothetical set of facts identical to the present situation, Dr. Pereboom stated that it was her professional opinion that the child should remain in the custody of the appellees.
After a careful review of the entire record, we find no abuse of the trial court's great discretion in the decision to award custody of the child to the appellees. Bagents v. Bagents, 419 So.2d 460 (La.1982). Accordingly, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Throughout the proceedings the appellees refer to the minor child as Myra Coretta Earls.
[2] Laura Earls is a first cousin to Annie Bell Johnson.
[3] La.C.C. art. 146(B) as amended by Act 307 of 1982 provides as follows:

B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.