DOMENGEAUX, Judge.
This is a habeas corpus proceeding to determine the custody of two minor children, Crystal Marie Rachal, born May 20, 1980, and Christopher Manausa, born September 25, 1983. This action was instituted by the children’s paternal grandparents, Huey Eugene Rachal and Geraldine Marie Rachal. The defendants, Patricia Dawn Manausa and Nathan Huey Rachal, although not married to each other, are the children’s biological parents. The district judge granted custody of the two minor children to the plaintiffs and appellant Patricia Dawn Manausa perfected this appeal.
Patricia Dawn Manausa and Nathan Huey Rachal lived together without benefit of matrimony for four years. During this four year period they resided in the home of the plaintiffs-appellees and Patricia Dawn Manausa gave birth to the two children whose custody is at issue here. Discord arose between Patricia Dawn Manau-sa and Nathan Huey Rachal and she departed from the Rachals’ home with the two children.
Subsequently, Patricia Dawn Manausa began living with her present husband, Randal K. Norman.
On June 21, 1984, Patricia left her two children with Mr. and Mrs. Rachal. There is a factual dispute as to the arrangements which were made for the children’s care and the events which occurred during Patricia’s absence.
*195 Patricia claims that because of harrassment directed at her by Nathan Rachal she decided to look for work in another locale. She testified that she contacted the plaintiffs daughter, Melinda Rachal, who coordinated the arrangements between Patricia and Mrs. Rachal and who gained approval from Mrs. Rachal that the Rachals would keep the children for the two week period. Patricia testified that she made plans to have food provided for the children.
The Rachals testified that the children were simply left at their home and they were given no information as to where Patricia planned to go or when she planned to return.
On July 3, 1984, Nathan Huey Rachal formally acknowledged the two children.
On July 5, 1984, the appellees filed this lawsuit seeking custody of the children. A curator was appointed for Patricia and trial was set for August 2, 1984. Shortly after suit was filed, Patricia returned to Natchi-toches, Louisiana, and the court appointed attorney withdrew as counsel of record. On August 2, 1984, an attorney with the Kisatchie Legal Services enrolled as counsel and a motion for continuance was granted.
Trial was held on August 20, 1984, and the district judge ruled that custody of the grandchildren be awarded to the paternal grandparents.
The district judge’s oral reasons for judgment simply stated:
“Very well. Considering the different lifestyles of the plaintiff’s in this case and the defendant’s. Considering the overall picture of what the Court thinks is to the best interest of the children, well then it is the Ruling of the Court that the custody of Crystal Marie Rachal and Christopher Huey Manausa are granted to the grandparents, Huey Eugene Rachal and his wife, Geraldine Marie Rachal. the Writ of Habeas Corpus is made absolute. The custody of the children is made to the grandparents. A judgment will be signed when presented by counsel Court is adjourned.”
Patricia Dawn Manausa appeals the decision of the district court. Appellant basically argues that the district judge “made no finding regarding the defendant’s fitness or ability to care for her children nor did the court make a finding that custody in the mother would be detrimental to the children.” Based upon this contention, the appellant raises three assignments of error, to-wit:
1. The trial court erred in applying the “best interests test” in a parent/nonparent custody dispute.
2. The trial court erred in granting custody to a nonparent whose parent’s unfitness or forfeiture of parental rights is not well supported by the record.
3. The trial court erred in awarding custody to a nonparent without expressly determining that the parent was unfit or had forfeited parental rights.
We are of the opinion that assignment of error No. 3 has merit and reverse the district court on that basis.
Because we reverse the district court on a matter of law, we need not discuss the intimate, factual details of this case.
La.C.C. Art. 146 B articulates under what circumstances a court may make an award of custody of a child to a nonparent in preference to a parent. La.C.C. Art. 146 B provides:
“B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.”
The above quoted Article mandates that an award of custody to someone other than a parent can be made only if it is found that awarding custody to the parent would be detrimental to the child and that the award to the nonparent is required to serve the child’s best interest. Boyett v. Boyett, 448 So.2d 819 (La.App. 2nd Cir.1984); Johnson, on behalf of Johnson v. *196 Earls, 464 So.2d 463 (La.App. 1st Cir.1985); and Berzins v. Betts, 457 So.2d 282 (La.App. 3rd Cir.1984).
A review of the district judge’s oral reasons convinces us that the district judge did not make a finding that an award of custody of these children to their mother wQpld be detrimental to the children. We therefore reverse the district judge’s grant of custody to the appellees because of his failure to properly apply the provisions of La.C.C. Art. 146 B.
We are not here saying whether the facts of this case or the present or future situation of the mother and children would permit or preclude the success of a new action.
For the above and foregoing reasons the decision of the district court is reversed. It is hereby Ordered, Adjudged, and Decreed that the custody of the two minor children, Crystal Marie Radial and Christopher Ma-nausa, be returned to their mother, Patricia Dawn Manausa, appellant.
All costs to be assessed against plaintiffs-appellees.
REVERSED AND RENDERED.