488 So.2d 1153 (1986)
Steven James BOYKIN, Plaintiff-Appellee,
v.
Charles W. CORLESS III and Tillie T. Corless, Defendants-Appellants.
No. 17816-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1154 Rick C. Anzalone, Monroe, for defendants-appellants.
Jack Wright, Jr., Monroe, for plaintiff-appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
MARVIN, Judge.
In this action initially instituted in Georgia under UCCJA and transferred to Louisiana, the maternal grandparents of an eight-year-old boy appeal a judgment changing the custody of the boy to his father, the Georgia plaintiff. LRS 13:1700 et seq., CC Arts. 157, 146. We affirm.
The boy was born of the marriage of Steve Boykin, plaintiff, and Ann Corless, the daughter of defendants who have resided in Ouachita Parish since 1984. The parents were divorced in July 1979 by a Georgia judgment which awarded joint custody to the parents. About a year later and after investigation by Georgia authorities of the abuse of the child by the mother, as reported by the father, custody of the child was granted to the maternal grandparents who were then residents of Georgia. The father then enjoyed frequent visits with and by the child before the grandparents moved to Monroe. The child's move to Monroe in 1984 with his grandparents limited the contact between the father and the child.
The father remarried in 1981 and lives with his wife and nine-year-old stepdaughter in Georgia. After the 1979 divorce the father obtained a degree in psychology. He has been employed by the State of Georgia for the last 13 years and is now the director of the Drug Treatment and Substance Abuse Center operated by the state in Newnan, Georgia. He is 38, his wife is 31, and their home and family relationship is described as "very stable" in investigative reports of the Georgia child welfare authorities.
The grandparents and the boy reside in Monroe where the boy attends a parochial school. The grandfather is 59 years old and works as a pipe fitter.
CC Art. 157 states that after an award of permanent custody, subsequent changes of custody shall be made in accordance with CC Art. 146.
The grandparents argue that the 1982 amendments to Art. 146 have lessened the strict burden of proof required in cases where a nonparent is competing with a parent for custody of a child. The old standard, enunciated in Wood v. Beard, 290 So.2d 675 (La.1974), required the nonparent to prove that the parent(s) was unfit or unable to provide a home for the child. The grandparents maintain that the proper standard is that of Boyett v. Boyett, 448 So.2d 819 (La.App. 2d Cir.1984), where this court interpreted the amendment of Art. 146. We agree but do not change the result.
CC Art. 146(B) provides that in order for custody of a child to be awarded to a nonparent, it must be shown that an award of custody to the parent would be detrimental to the child and that an award to a nonparent is required to serve the child's best interest. Under 146(B), a parent has the paramount right of custody which can only be "outweighed by a sufficiently grave detriment to the child's best interest, present in awarding custody to that parent, which requires that custody be awarded to a nonparent." Boyett, supra at 823.
In custody disputes between parents, the sole criterion is "the best interest of the child." Turner v. Turner, 455 So.2d 1374 (La.1984); Black v. Black, 460 So.2d 1175 (La.App. 2d Cir.1984), writ denied.
At the hearing, the trial court made the following findings of fact:
(1) Mr. & Mrs. Corless and Mr. Boykin love the child;

*1155 (2) The child is in a stable home and Mr. & Mrs. Corless are able to provide him with the necessities of life and with love and affection;
(3) Mr. Boykin is also in a position to provide the child with the love and care that he needs;
(4) Mr. Boykin is not unfit or unable to provide a home for the child; and
(5) There will be some disruption in the child's life to move at this point.
The court also stated that Mr. Boykin has good work habits and a good character and that any disruptive effect from a change of the lifestyle of the child would not permanently affect the child. The court concluded that this disruption did not outweigh the parent's superior right of custody. In essence, the court found that although a change of custody might be temporarily detrimental to the child, custody with the nonparents was not required to serve the child's best interest.
Mr. Boykin has remarried and has a good relationship with his present wife and step-daughter. The step-daughter is very compatible with Mr. Boykin and calls him daddy.
The grandparents argue that four and one-half years of bonding between them and the child should not be severed as a result of the sudden interest of a parent in custody of his child. The trial court did not find the father's interest in his son to be a sudden interest and the record does not support such a conclusion. The son expressed to a psychiatric social worker in Monroe his desire to remain with his grandparents.
Under our law, a parent has a paramount right of custody which can only be disturbed if the nonparents meet their burden of proving the elements of 146(B). The trial court found that the grandparents had not met this burden. The record supports this conclusion.
For reasons given by the trial court and summarized here, the judgment of the trial court is AFFIRMED at appellants' cost.