NORRIS, Judge.
Louise B. Tyler appeals from the judgment awarding joint custody of her minor grandchildren, Jessica and Tiffany Tyler, to their parents, James Tyler and Deborah Tyler. Louise Tyler argues that James and Deborah are unsuitable to receive custody because both are chemically dependent. For the reasons expressed, we affirm.
James and Deborah were married in 1979 after having lived together for some period of time. They had one child of the marriage, Jessica, on September 28, 1981, before being divorced July 11,1984. Pending the divorce the parents were given joint custody of Jessica and Deborah was awarded $200 per month child support. No further rules on custody were filed. In September 1984 James and Deborah resumed living together and having sexual relations. On September 25, 1985 Tiffany was born, and subsequently acknowledged by James as his child. On approximately June 1, 1986 the couple terminated their relationship. Deborah and the two children moved out of James’s house. On July 18, 1986, at Louise Tyler’s request, Deborah brought Jessica and Tiffany to Louise’s house for a visit. James arrived shortly afterwards, and there was a violent altercation between James and Deborah. Louise and James refused to return the children to Deborah; they remained in Louise’s care. On July 31,1985 Deborah filed a petition for writ of habeas corpus, relying on the 1984 judgment awarding her and James joint custody of Jessica. Louise Tyler intervened, seeking custody of the children. Deborah then also filed a rule for custody, asking for sole custody of both children. James did not request custody.[1]
The lengthy hearing on the rule dwelt extensively on the discord between James and Deborah. The accusations made included allegations of violence, infidelity, and substance abuse on the part of both Deborah and James. However, there was no indication that either would harm their daughters or provide an unsuitable home.[2] *514 The trial court was impressed with the testimony of the psychologist, Dr. Milton Rosenzweig, that Jessica was a normal child of above average intelligence who showed no signs of abuse or neglect. We note that the record was devoid of any evidence that the children had suffered any harm from being in the custody of their mother. Several witnesses testified that Deborah was a good mother who took excellent care of her children and their home. Deborah herself admitted that even though James had behaved violently towards her she did not believe that he would try to hurt the children. The testimony instead revolved around James and Deborah’s moral fitness, particularly their alleged use of drugs and alcohol.
The evidence presented on the question of substance abuse was conflicting. James and his mother, Louise, attempted to prove Deborah was addicted to codeine, alcohol, and illegal narcotics. Deborah contended that James was the one afflicted with the addiction. James was convicted, of possession of marijuana in 1979 and has had two DWI convictions, one in 1984 and one in early 1985. He admitted to using marijuana in the past, although he denied any other drug use. Deborah has one DWI conviction, in June of 1986. She confessed to having tried cocaine four times with James, and having occasionally smoked marijuana in the past, but denied any addiction to drugs or recent substance abuse.
At the conclusion of the hearing the trial judge granted James and Deborah joint custody of the two children and awarded Deborah $75 per week in child support. Deborah was named the domiciliary parent and James was given visitation during every other weekend, certain holidays, and part of the summer. Out of an abundance of precaution, the trial judge ordered Deborah to attend a substance abuse clinic and report back to court on December 2, 1986. The judge noted that he was not convinced that Deborah was abusing any narcotics, but he wanted to make sure that she did not have a problem. The record contains a report from the Bossier/Shreveport Substance Abuse Clinic, which evaluated Deborah and determined that she was not in need of treatment for substance abuse. When Deborah returned to court December 2, 1986, the court declined to make any change in the custody award.
Louise Tyler appeals urging only that the court erred in granting custody to James and Deborah, not to her. The grandmother’s essential argument is that the trial judge erred in awarding joint custody to the parents after finding that they had abused narcotics.
Louise Tyler is undoubtedly willing and able to provide a suitable, caring home for both children. However, parents and non-parents are not on an equal footing in custody matters. Recknagel v. Roberts, 465 So.2d 844 (La.App. 2d Cir.1985), writ denied 468 So.2d 570 (La.1985). Custody is to be awarded according to the best interest of the children in the following order of preference: (a) to both parents jointly; (b) to either parent; (c) to the person or persons in whose home the children have been living in a wholesome and stable environment; (d) to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment. LSA-C.C. Arts. 157, 146. A parent enjoys a paramount right of custody which is outweighed only when awarding custody to the parent would present a sufficiently grave detriment to the child's best interest to require that custody be awarded to a non-parent. LSA-C.C. 146; Boyett v. Boyett, 448 So.2d 819 (La.App. 2d Cir.1984). The burden of proving this detriment to the child’s best interest rests on the non-parent. Gras v. Gras, 489 So.2d 1283 (La.App. 2d Cir.1986), writ denied 493 So.2d 1222 (La.1986). The trial court found that the award of joint custody to James and Deborah, with Deborah as the domiciliary parent, would not be detrimental to the children’s best interests. In reviewing his decision we must grant the trial court’s determination great deference. Gras v. Gras, supra.
The court, after hearing all the testimony, concluded that the evidence was not convincing that Deborah was addicted to alcohol and drugs. This finding was *515 substantiated by the substance abuse clinic’s report stating that she had no chemical dependency problem. Louise Tyler’s contention on appeal that the trial court found Deborah to be chemically dependant is without substance. The trial judge recognized that both parents had problems, but concluded that the grandmother had not borne the heavy burden of proving custody by the parents would be detrimental to the children’s best interest. Instead, he found that a joint custody award with Deborah as the domiciliary parent was in the children’s best interest. The issue was a close one, but given the trial judge’s great discretion in these matters, we cannot say that his conclusion was manifestly erroneous.
Given the facts of this case, we cannot say that the trial court abused its discretion. The lower court’s judgment awarding joint custody to the parents is affirmed at appellant’s cost.
AFFIRMED.

. The trial court recognized, and the record reflects, that if Louise were awarded custody, James would have unlimited access to the children, and in practical effect the father and grandmother would have joint custody.

. James owns a house in Shreveport, on which Louise pays the note and utilities. Although James owns a used car lot, he has been supported primarily by his mother for at least the last three years. He claimed that for the last six to eight months he was unable to work due to injuries from an automobile accident; however, no medical evidence supporting this allegation was introduced. Deborah Tyler is working for Security Industrial Insurance, and renting a home near her parents.