519 So.2d 357 (1988)
Christy Lynn Dowden THOMAS, Plaintiff-Appellee,
v.
Mark Aaron THOMAS, Defendant-Appellant.
No. 19279-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
*358 Wilkinson, Carmody & Gilliam by Steven E. Soileau, Shreveport, for defendant-appellant.
Claudius E. Whitmeyer, Shreveport, for plaintiff-appellee.
Timothy R. Fischer, Shreveport, for intervenors Clayton and Mable Dowden.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
JASPER E. JONES, Judge.
This appeal arises from custody litigation between the father and maternal grandparents of a two year old child. Mark Aaron Thomas, appellant, is the father of the minor child, Whitney Leigh Anne Thomas. Mable and Clayton Dowden, intervenors, are the maternal grandparents. The father appeals a judgment awarding custody of the minor child to the grandparents. We affirm.
Christy Lynn Dowden Thomas, mother of Whitney, and Mark Aaron Thomas were legally separated on March 12, 1986. The judgment of separation awarded joint custody of the child to both parents but did not specify which should be the primary residential parent. However, the child stayed with her mother and live-in boyfriend in Shreveport after the physical separation of the parties.
The father filed a rule to change custody after the mother and her boyfriend were arrested on drug charges. In October of 1986 the mother was declared unfit and the father was awarded sole custody.[1] A provision *359 of the judgment awarding sole custody to the father was an order requiring Mr. Thomas to abstain from all use of marijuana and further requiring him to undergo monthly drug testing for a period of three months subsequent to the judgment.
The father and his child resided at the home of his parents in Doyline, Louisiana for one week following the judgment and then moved to Ooletewah, Tennessee where the child and her father resided with his sister, Joy Thomas.
On January 27, 1987, the mother filed a petition to fix visitation claiming, among other allegations, that Mr. Thomas moved to Tennessee from Louisiana to prevent her from seeing the child. On the same date the mother's parents, Clayton and Mable Dowden, residents of Phoenix, Arizona, filed a petition of intervention seeking custody of their grandchild Whitney. Judge Gayle Hamilton found the grandparents proved the father's continued custody would be detrimental to the child's best interests. Custody was removed from the father and placed with the grandparents. Mr. Thomas appeals, contending:
(1) the trial judge erred in changing the previous custody judgment;
(2) the trial judge erred in denying appellant's motion to strike;
(3) the trial judge erred in relying upon the profferred testimony of counsel for the grandparents.

Change of the Previous Custody Judgment
The appellant contends the trial judge erred in revoking the prior custody decree and awarding custody to the grandparents. Mr. Thomas contends there were no occurrences subsequent to the award of custody to him in October of 1986 which warrant a change in custody. He argues he has had no female overnight guests except for relatives and has abstained from all use of marijuana after the award of custody. Appellant states he underwent drug testing as per order of the court and points to the test results filed in the record. Appellant further argues the child Whitney has been happy and well-adjusted while living with appellant and his sister in Ooletewah, Tennessee.
Although a parent enjoys a paramount right of custody, that right may be outweighed by a showing of sufficiently great detriment to the child's best interest to require that custody be awarded to a nonparent. Gras v. Gras, 489 So.2d 1283 (La.App. 2d Cir.1986), writ den., 493 So.2d 1222 (La.1986); Boyett v. Boyett, 448 So.2d 819 (La.App. 2d Cir.1984); LSA-C.C. art. 146(B).[2] Where a considered decree of custody has been rendered, there must be a showing of a change in circumstances materially affecting the welfare of the child to justify a change in custody. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).[3] Where no considered decree of custody has been rendered, the test to be applied in a change of custody action is the best interest of the children. Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986); Bergeron v. Bergeron, supra. The paramount consideration in child custody matters is the best interest of the child. LSA-C.C. art. 146(E); LSA-C.C. art. 157(A); Bergeron v. Bergeron, supra.[4]
*360 Appellant first contends the trial judge should not have changed the October 1986 custody judgment without the grandparents showing a change in circumstances warranting a transfer of custody. Second, appellant contends the grandparents did not prove the award of custody to the father would be detrimental to the child requiring an award of custody to the grandparents to serve the best interest of the child. For the following reasons we find both contentions without merit.
As to appellant's first contention, we conclude the judgment awarding custody to the father is not a considered decree as contemplated by Bergeron and for that reason does not invoke the standards set forth in Bergeron v. Bergeron, supra. A review of the decree awarding custody to the father reveals the judgment to be subject to limitations contained therein and is not an unconditional award of custody to the father. Although evidence was adduced concerning the parental fitness of both parties at the first custody hearing, the final decree placing custody of the child with her father was made subject to two conditions to be fulfilled by Mr. Thomas. The judgment imposed upon him the affirmative duty to (1) abstain from all use of marijuana, and (2) submit to three monthly drug tests to affirm his abstinence. The sole responsibility for obtaining the drug screening rested entirely with the father and he procured the tests in Tennessee. The results of the tests are contained in the reports in the record.
Although the father submitted to some form of drug testing, the record reveals none of the test results show the father to have been tested for the use of marijuana which was the primary concern voiced by the trial judge in requiring the father to undergo the tests. All three tests indicate the father was tested for a variety of drugs, including amphetamine, barbiturate, darvon, and demerol, and the results in each testing were negative. The reports in the record do not reflect that "marijuana," "cannabis," or "THC," the latter being another common name for the substance, were tested. When questioned why the results were lacking, Mr. Thomas professed no understanding of the terminology:
Q. Now, if the pathologist at the laboratory that conducted those tests indicated that the word that would be used to describe marijuana would either be cannabinoid or THC, and that word had not been found on your drug test result, that would indicate that you were not tested for marijuana, correct?
A. I wouldn't know anything about that.
Although the defendant ostensibly complied with the order by submitting to some form of drug testing, we conclude the defendant failed to comply with the true nature of the order as required by the trial judge and readily inferred from the trial judge's oral reasons for awarding custody to the father. The test results plainly reveal evidence of marijuana was not among the substances screened. We conclude such a conditional decree made with the reservations of the trial judge with which the defendant failed to comply does not invoke the change of circumstances rule required for modification of an unconditional decree of permanent custody.[5]
*361 Second, we conclude the father's paramount right of custody is outweighed by detrimental circumstances to the child requiring custody to be awarded to the grandparents. Boyett v. Boyett, supra.
The record reveals Mr. Thomas to have been a frequent user of marijuana. There was much testimony presented concerning Mr. Thomas' use of marijuana in the two years preceding the award of custody, including witness accounts of Mr. Thomas' use of the drug on Labor Day and Halloween of 1985 and on a camping trip in Arkansas on July 4, 1986.
Mrs. Christy Thomas testified her husband's use of marijuana was more than social:
Q. Now did Mark frequently use marijuana during the marriage?
A. Always.
Q. Did he ever turn it down?
A. Never.
Q. Did he own marijuana?
A. Yes.
Q. Did he purchase it?
A. Yes.
Q. Did he smoke it in the presence of the child
A. Yes.
Q. as well as out of the presence of the child?
A. Yes.

. . . . .
A. If he had enough money to buy marijuana, and someone that he knew had it, he bought it. If he didn'tI remember times that he and my brother even drove to this car wash on the black side of town and bought it from the black people standing on the road for $10.00 for what they call a dime bag or joints at a time for a dollarif he couldn't afford any more or didn't know anyone that had it.
Mr. Thomas admitted drug use in the past stating the last time he smoked marijuana was September of 1986 preceding the October grant of custody. He denied ever purchasing marijuana, although he admitted possessing a marijuana pipe and smoking the drug an average of five times a month.
Inherent in the trial judge's ruling is a refusal to place any weight on Mark Thomas' statements of reform which are further seriously undermined by drug tests which contain no indication of marijuana screening. We conclude Mr. Thomas' usage of the drug more accurately places him in the category of an addict rather than a recreational user and absent any evidence supporting his denial of using marijuana while having custody of the child, we conclude as did the trial judge his continued custody would be detrimental to the best interest of the child. The award of custody to the grandparents made by Judge Hamilton, in light of Judge Ballard's determination that Thomas was only to retain custody of the child if he established by scientific evidence his abstinence of the use of marijuana, was an implementation of the custody decree rendered by Judge Ballard and not a reversal of that ruling as argued by the appellant. Inherent in the custody award made to the father is a determination by the trial judge that continued custody of the child would be contingent upon the father proving himself to be free of all marijuana usage. We find no abuse of discretion in Judge Hamilton's ruling on this issue. Upon appellate review the determination of the trial judge in custody matters is given great weight and his discretion will not be disturbed on appeal absent abuse of that discretion. Everett v. Everett, 433 So.2d 705 (La.1983).

Motion to Strike
The appellant assigns as error the denial of the motion to strike allegations contained in Christy Thomas' petition to fix visitation which were adopted by reference in the grandparents' petition for intervention.
Motions to strike based on assertions that allegations are immaterial or impertinent are often used as a dilatory tactic and are disfavored and will be denied unless it is clearly shown that the allegations have no bearing on the subject matter of the litigation and are prejudicial to the defendant. Smith v. Gautreau, 348 So.2d *362 720 (La.App. 1st Cir.1977); Mack v. Southern Farm Bureau Casualty Insurance Company, 439 So.2d 1122 (La.App. 1st Cir. 1983), writ den., 442 So.2d 461 (La.1983).
The appellant does not assign as error the visitation rights submitted by all the litigants to the court and approved by it. Insofar as the motion to strike relates to his former wife's petition to fix visitation we conclude the issue is moot.
We further conclude the allegations sought to be struck, which were adopted by the grandparents in the petition for intervention, addressed the fitness of the father which was at the crux of the custody determination and were therefore properly before the court.
This contention is without merit.

Proffered Testimony of Counsel
Appellant complains the trial judge improperly heard hearsay testimony concerning the drug tests filed in the record. Intervenor's counsel proffered his conversation with a doctor at the laboratory where the drug tests were taken relating that the words "cannabinoid" or "THC" would appear on the report to indicate marijuana screening. Appellant further complains the trial judge improperly considered this testimony as indicated by reference in the trial judge's oral reasons for judgment.
Although the trial judge may have incorrectly considered the hearsay evidence, we conclude it to be harmless error. The record reflects the appellant filed into evidence the test results, which reflected the substance of counsel's proffer because the report of the test results showed no test related to marijuana.
This contention is without merit.

CONCLUSION
For the reasons expressed above, the judgment of the trial court awarding custody to the grandparents is AFFIRMED.
NORRIS, J., concurs in result.
NOTES
[1] Christy Lynn Thomas did not appeal the judgment awarding custody to her then husband Mark Thomas and was involved in the custody hearing which is the subject of this appeal only by way of her petition to fix visitation rights.
[2] LSA-C.C. art. 146(B) reads:

B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child.
[3] The court in Bergeron noted the movant's burden of proof is heavy:

When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change in circumstances is substantially outweighed by its advantages to the child.
[4] LSA-C.C. art. 146(E) provides:

E. "Any order for joint custody, or any plan of implementation effected pursuant to Paragraph A of this Article, may be modified or terminated upon the petition of one or both parents or on the court's own motion, if it is shown that the best interest of the child requires modification or termination of the order. The court shall state in its decision the reasons for modification or termination of the joint custody order if either parent opposes the modification or termination order."
LSA-C.C. art. 157(A) provides:
A. "In all cases of separation and divorce, the change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146."
[5] Judge John Ballard presided over the first custody hearing and his oral reasons dictated into the record for awarding custody to the father are contained in the appellate record. In those reasons Judge Ballard states:

"... the Court does feel compelled to make the statement that if it had the choice, it would grant the custody to neither one of these parties because we believe the evidence does show that Mr. Thomas has been involved in a fair extent with the use of marijuana."