STOKER, Judge.
This is a tutorship-custody proceeding. Petitioner-appellee, Joe Dan Gibbs, sought custody of and appointment as tutor of the minor children, James Robert Peavy and John Daniel Peavy, after the death on February 10, 1987 of their father, Robert Lawrence Peavy. Joe Dan Gibbs is the brother of the minor children’s mother, appellant herein, Deborah Kay Gibbs Peavy. The trial court confirmed petitioner’s appointment as tutor, and Deborah Peavy has appealed that judgment. Deborah Peavy asserts on appeal (1) that the trial court erred in awarding custody of the minor children to petitioner, a nonparent, in the absence of a specific finding that it would be detrimental to the children to be in the custody of their mother and that such an award of custody to the nonparent would serve the best interest of the children, and (2) that based upon the evidence presented at trial, it was error to award custody to the nonparent rather than to the parent.
FACTS
Deborah Peavy and Robert Peavy were married on October 17, 1976 in Vernon Parish and of this marriage two children were bom, James, now aged 11, and John, now aged 8. Deborah and Robert physically separated on October 19, 1986, and Robert filed a petition for separation on October 30 alleging grounds of abandonment. He additionally sought the temporary care and custody of his two minor children. The trial court ordered, ex parte, that Robert be awarded custody of the children pending the litigation.
A hearing on the custody issue was conducted on January 6, 1987 during which Deborah Peavy gave vent to an outburst which resulted in the trial court holding her in contempt of court and confining her to the parish jail. Under authority of a Physician’s Emergency Certificate, the trial court ordered that Mrs. Peavy be taken to Central Louisiana State Hospital for evaluation. The trial court awarded the temporary care and custody of the children to Robert Peavy.
Mrs. Peavy was released from Central Louisiana State Hospital on January 17, 1987 and went with Robert Peavy to Houston, where he was employed and where she remained with him until his untimely death on February 10. During the time that the parties were physically separated and at the time they resided in Houston the children resided with their paternal grandmother, Lois Peavy, in Pitkin, Louisiana.
On February 13, 1987 Joe Dan Gibbs filed his petition to be appointed provisional tutor of the children and after due proceedings to be appointed dative tutor of the children. The trial court issued an ex parte order appointing Mr. Gibbs as provisional tutor and Lois Peavy as provisional under-tutrix. The basis of Mr. Gibbs’ petition for custody was that Deborah Peavy was mentally unstable and unsuited for the care, custody and control of her minor children as evidenced by two prior confinements to Central Louisiana State Hospital. Deborah Peavy answered her brother’s petition seeking custody and tutorship of right as the surviving parent of the minor children of her marriage to Robert Peavy.
After a hearing on the merits conducted on June 2, 1987, the trial court issued a “Decision” on June 19, 1987 which read as follows:
“There will be judgment in favor of petitioner, Joe Dean Gibbs, granting him custody of the children, James Robert Peavy and John Daniel Peavy, subject to reasonable and liberal visitation. Petitioner will be appointed as tutor and Mrs. Lois Peavy, their grandmother, as the undertutrix, upon complying with all formalities required by law.
“Written reasons will be assigned at a later date in the event of appeal, or upon request by either party.
“A formal decree will be signed on presentation.
“Leesville, Louisiana, this 19th day of June, 1987.”
A formal judgment, consistent with this “Decision,” was signed on July 14, 1987. It is from this judgment that Deborah Peavy has appealed.
*1262 ISSUES ON APPEAL
The issues presented in this appeal are (1) whether the trial court erred in failing to make a finding that an award of custody to Mrs. Peavy would be detrimental to her children and that the award to the nonpar-ent, Mr. Gibbs, was required in order to serve the best interest of the children, and (2) whether the evidence presented supports an award of custody to the nonparent rather than the surviving parent.
The well accepted jurisprudential standard applied in cases such as the one sub judice is enunciated in the case of State in the Matter of Williams, 447 So.2d 1211 (La.App. 5th Cir.1984), writ denied, 449 So.2d 1357 (La.1984). Therein the court stated, at page 1213, that:
“The contest for custody between a parent and nonparent requires the application of more stringent legal principles than solely the best interest test upon which the trial court’s decision was apparently based. Upon the death of one parent, the surviving parent is granted the right to care for and retain custody of minor children. To deprive a natural parent of the right, convincing proof must be established that the parent is unfit or has forfeited parental right to custody by action or omission. The jurisprudence has consistently held that a parent has a paramount right to custody of his or her child and may be deprived of such right only for compelling reasons. While great weight is given to the trial court in determining custody, forfeiture of the preferential right to custody must be expressly determined and well supported.” (Citations omitted) LSA-C.C. art. 146 B provides that:
“Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.”
The burden is on the nonparent seeking custody of a child to prove that custody in the parent would be detrimental to the child and the award of custody to the non-parent is in the best interest of the child. LSA-C.C. art. 146; Batiste v. Guillory, 479 So.2d 1044 (La.App. 3d Cir.1985).
In the instant case, the trial court failed to make the finding required by LSA-C.C. art. 146 that custody in Deborah Peavy would be detrimental to her minor children. This constitutes an error of law and therefore grounds for reversal of the trial court’s judgment. Rachal v. Manausa, 483 So.2d 194 (La.App. 3d Cir.1986).
The evidence in this case indicates that Mrs. Peavy has exhibited what appellee characterizes as bizarre behavior, has been subject to emotional outbursts and has had exceptional feelings of persecution and personal danger. Nevertheless, the trial court made no finding of unfitness. The evidence in this case evidently gave the trial judge such concern that he awarded custody to appellee, a nonparent. Frankly, the evidence gives us some concern, but we are not prepared to make a determination of legal unfitness on the record alone and without a finding by the trial court.[1]
It is not permissible for us to make any inference from the trial court’s action. To affirm the trial court’s award of custody to a nonparent we would have to infer that the trial court concluded that Mrs. Peavy was in fact unfit to have custody at the time this matter came to court. This we may not do because there is a possibility that the trial court may have overlooked *1263 the necessity of first finding Mrs. Peavy unfit. In circumstances such as are presented here custody may not be determined simply on the basis of comparing the qualities of potential custodians. While Mr. and Mrs. Gibbs may be better parents and in certain respects provide a better home for the Peavy children, such is not a basis for depriving a parent of his or her right to the care and custody of his or her children. Absent a showing that Mrs. Peavy is unfit and custody would be detrimental to the children or that she has forfeited her parental rights by acts or omission, she is entitled to the care and custody of her children.
Appellee, Joe Dan Gibbs, addresses this issue in his brief in two paragraphs directed to appellant’s Specification of Error No. 1 to urge the following:
“Counsel, in Specification of Error No. 1 cites the fact that the Trial Court failed to file Written Reasons for Judgment, despite its stated intention to do so (Tr. Vol. I, p. 67). Appellee contends that the basis for the Trial Court’s ruling is readily apparent, [sic] after a review of the record; however, if this Court should determine that Written Reasons for Judgment should be filed, then Appellee shows that a remand to the Trial Court for the filing of Written Reasons for Judgment would be the proper remedy, rather than a reversal of that Court’s decree.
“The court obviously felt that it would be detrimental to the interests of the Peavy children for them to be placed in the custody of their mother, Appellant herein. It would not serve the ends of justice to now award the children to their mother, [sic] due to an oversight on the part of the Trial Court.”
We decline to adopt appellee’s suggestion and to grant his request for a remand. It is questionable whether a remand under the circumstances is in order, but there are compelling reasons why it should not be ordered. As a custody ruling is at issue, we are not faced with the application of the concept of res judicata to the judgment appealed from. Willis v. Willis, 24 So.2d 378 (La.1945) and Ransom v. Mitchell, 193 So.2d 359 (La.App. 3d Cir.1966). See additional case citations in the dissent of Chief Justice Sanders’ in Odom v. Odom, 345 So.2d 1154 (La.1977). The evidence in this case was taken on June 2, 1987, the trial court’s judgment was rendered on June 19, 1987 and the formal judgment was signed on July 14, 1987. The operative facts presented by the record before us occurred more than a year ago. Inasmuch as the custody matter may be reopened at any time, it is more appropriate that appellee be referred to that procedure. Should appel-lee again seek custody of appellant’s children, a new inquiry should focus on appellant’s fitness at that time. Pertinent inquiry could then be made concerning plaintiff’s conduct and condition following the hearing of June 2,1987. Appropriate facts bearing on plaintiff’s fitness as a mother, current as of the time of any future hearing, could then be considered by the trial court.
For the reasons assigned herein, the judgment of the trial court is reversed and custody is restored to Deborah Kay Gibbs Peavy as the surviving parent of James Robert Peavy and John Daniel Peavy. The costs of this appeal and those incurred in the trial court are assessed to the petitioner-appellee, Joe Dan Gibbs.
REVERSED.

. A great deal of repetitive testimony was elicited concerning Mrs. Peavy’s emotional and psychological problems which appeared in the fall of 1985. It is clear that Mrs. Peavy did have problems for which she voluntarily sought help, an exception being the commitment which followed the incident of court-ordered confinement in January of 1987. It is equally clear that Mrs. Peavy cared for her children from the time of their birth while Mr. Peavy worked out of state, seeing his family only on weekends. Additionally, no evidence was produced showing Mrs. Peavy's mental state and fitness to care for her children at the time of trial.