441 So.2d 384 (1983)
Clinton P. GUIDRY, Jr.
v.
Pamela Kay Martin, wife of Clinton P. GUIDRY, Jr.
No. 83-CA-430.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
*385 Martha E. Walters, Knight, D'Angelo & Knight, Gretna, for plaintiff and appellee-appellant.
Craig Cimo, Gretna, for defendant and appellant-appellee.
Owen J. Bordelon, Jr., Gretna, for third party, Ethel Guidry.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal arises from the Twenty-Fourth Judicial District Court, Division "B", wherein the Honorable Frank V. Zaccaria continued in effect a previous judgment which awarded the custody of Ashley Lauren Guidry to Ethel Guidry, a nonparent; and further ordered alimony pendente lite in the amount of Three Hundred Fifty Dollars ($350) per month in favor of Pamela Kay Martin Guidry.
Clinton P. Guidry and Pamela Kay Martin Guidry were married on August 8, 1980. Of this marriage, one child was born, namely Ashley Lauren Guidry.
On June 6, 1982, the parties physically separated, and on June 9, 1982, Clinton P. Guidry, Jr. filed a petition for separation alleging the defendant abandoned the matrimonial domicile without lawful cause by moving out. Petitioner also sought, and obtained, an ex parte custody order granting him provisional custody of the child until a rule for custody could be heard.
On June 25, 1982, the issue of custody was taken up and tried by the court and, as a result thereof, the trial judge awarded custody of the child to Ethel Guidry (paternal grandmother); refused visitation to Pamela Guidry, but granted visitation to the mother of Pamela Guidry, Doris Morningstar.
On September 13, 1982, Pamela Guidry filed a rule for custody, child support, alimony pendente lite and use of community property. In turn, on November 19, 1982, Ethel Guidry filed a rule to terminate the visitation of Doris Morningstar. Both rules were set and partially heard December 3, 1982. These rules were then concluded on December 17, 1982.
Judgment was entered December 21, 1982, and ordered that the previous custody and visitation awards remain unchanged. It was further ordered that Pamela Guidry be awarded alimony pendente lite in the sum of Three Hundred Fifty Dollars ($350) per month commencing November 12, 1982. *386 From this judgment all parties have appealed. However, on appeal, there is one issue: custody of the child.

CUSTODY ISSUE
We are faced with a contest for custody between a parent and non-parent. When Clinton Guidry petitioned for a separation based on his wife's abandonment, he was given provisional custody. After a hearing held June 25,1982, custody was awarded to Ethel Guidry, the paternal grandmother of the child. This was done for two reasons: primarily because the trial court found the child's mother, Pamela Kay Martin, to be unfit and unstable; and because Clinton Guidry was employed by his father as a commercial fisherman and was absent from the home some twenty days of each month during the fishing season.
The trial judge based his initial decision of unfitness on the testimony of some eleven witnesses, including the parties, the continued involvement and abuse of certain drugs and alcohol by Pamela Guidry and her suicidal tendencies. The trial judge was so convinced of Pamela Guidry's unfitness that he denied her visitation with her own child. Instead, visitation was granted to Doris Morningstar, Pamela Guidry's mother, with the stipulation that the minor child was to remain constantly under her direct supervision and control.
One day short of two months, after the entry of judgment awarding custody to Ethel Guidry, Pamela Guidry filed a rule to change custody, alleging that she had rehabilitated herself since the previous judgment and was in a better position to care for the minor child. Although filed shortly after the initial hearing, this hearing on the rule was not actually heard until approximately six months later. After the evidentiary hearing, the trial judge ordered that custody remain with Ethel Guidry, but went on to award liberal visitation to Pamela Guidry.
In his written reasons for judgment, the trial judge noted that while there was some evidence submitted to show that Pamela Guidry had made some effort to rehabilitate herself, there was also evidence that she, accompanied by her mother, Doris Morningstar, was still drinking and on some occasions was drinking in a bar while the minor child was present. The trial judge stated that after hearing "a parade of witnesses", he still had doubt about her fitness because of the short period of time that had elapsed since her prior abuse of drugs and alcohol and her suicidal phase. Furthermore, the trial judge found that she had not established a reliable pattern of existence at the time of the hearing on the rule. He went on, however, to state that, hopefully, she would convince the court eventually that she was fit to take care of her child, the innuendo being that he would return custody to her at that time, and for that reason the court allowed liberal visitation rights to be granted in her favor.
It is well settled jurisprudence that in a custody contest between a parent and non-parent, the parent enjoys a paramount or superior right to custody of the child as against a non-parent. Only where "compelling reasons" (i.e., unfitness, being unable to provide a home for the child or having forfeited his/her right to parenthood) have been proven by the non-parent should the parent be deprived custody. Deville v. La-Grange, 388 So.2d 696 (La.1980); Wood v. Beard, 290 So.2d 675 (La.1974).
In the instant case, at the initial hearing, the burden of proof was carried and a finding of unfitness was declared by the trial court. The mother, instead of appealing the ruling of the initial hearing, chose to wait and subsequently file a rule for change of custody. After failing to convince the trial court at this second hearing that a complete change had taken place deeming her a fit and suitable parent, she now argues on appeal that the non-parent again carried the burden of proving her an unfit parent.
The jurisprudence is not abundantly clear as to who bears the burden of proof at a later hearing at which a change of custody is sought by the parent. Clearly, the burden of proof of any of the "compelling *387 reasons" must be carried by the non-parent at the initial custodial contest between them. However, we believe, at a subsequent hearing to change custody brought by the natural parent previously deemed unfit, the burden of proof should rest on that parent to demonstrate that he or she has rehabilitated and the facts which gave rise to him or her being deprived of custody at the initial hearing no longer exist. We find appellant failed to carry this burden.
It is well established principle in our law that when, after an evidentiary hearing, there has been a decree of custody, the appellate courts give great weight to the determination of the trial judge and his findings are overturned only when there is a clear abuse of discretion. The rule was stated by our Supreme Court in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) as follows:
"Upon Appellate review, determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, [240 La. 252] 122 So.2d 90 (La.1960); Salley v. Salley, [238 La. 691] 116 So.2d 296 (La. 1959); Decker v. Landry, [227 La. 603] 80 So.2d 91 (La.1955); Guillory v. Guillory, [221 La. 374] 59 So.2d 424 (La.1952)."
This rule has been consistently followed in a long line of jurisprudence. The usual rationale given for the rule is stated above; that is, the advantage of the trial judge in being able to personally see, hear and evaluate the parties and witnesses.
Therefore, after a complete review of the record, we cannot say the trial court was either clearly wrong in denying a change of custody to the mother or that such decree was an abuse of his discretion. We are in agreement with the trial court that, although appellant has shown signs of improving her situation, the time that has elapsed between the initial custody hearing and the present rule is not a sufficient amount of time in which she could establish and demonstrate a reliable pattern of existence.
Accordingly, for the above stated reasons, the judgment of the trial court continuing custody of Ashley Guidry with her grandmother, Ethel Guidry, is hereby affirmed. Appellant is to pay all costs of these proceedings.
AFFIRMED.