SAUNDERS, Judge.
| ¶ This is a custody case in which the defendant, Eric Stoker (hereinafter “Appellant”), appeals the trial court’s denial of his request for a change in custody of his minor child pursuant to a rule for modification of custody and visitation after two consent custody decrees.
For the following reasons, we affirm the trial court’s denial of the request for modification of custody.
FACTS AND PROCEDURAL HISTORY
On July 30, 2004, Herbert and Martha Dalme (hereinafter “Appellees”) sought custody of their ten-month-old grandchild, Bayli Rechelle Dalme Stoker (hereinafter “Bayli”). Immediate temporary custody was granted to Appellees by way of an ex parte order, with a hearing set for August 20, 2004.
At the August 20, 2004 hearing, the parties entered into a consent custody agreement. Joint custody of Bayli was awarded to Appellees and Appellant with the Appellees being granted domiciliary custody. Appellant was granted reason *479 able, supervised visitation on alternating weekends and holidays.
Appellant and the minor child’s mother, Leah Dalme (hereinafter “Leah”), were subsequently married in October of 2004, establishing a matrimonial domicile in Sabine Parish. They separated in November of 2005 and were granted a divorce in Avoyelles Parish in August of 2006. Custody of Bayli was not an issue in the divorce proceeding.
On November 2, 2006, Appellant filed a rule to modify custody in Avoyelles Parish, seeking to be named domiciliary custodian. Appellees and Leah were named as defendants. After a successful declina-tory exception of improper venue by the Appellees, the case was transferred to Natchitoches Parish. A second consent custody ^agreement was reached on August 29, 2007, with a consent custody judgment signed on October 3, 2007.
The October 3, 2007 judgment again awarded joint custody of the minor child to Appellees and Appellant. Appellees retained their status as domiciliary custodians, while Appellant was now given additional reasonable, liberal, and unsupervised visitation rights.
Nearly six months later, on March 24, 2008, Appellant again filed a rule for modification of custody and visitation seeking to be named domiciliary custodian. The Appellant’s request for modification of custody was denied by the trial court.
FACTS
Bayli was born on September 3, 2003, and has primarily resided with Appellees, her maternal grandparents, since her birth. Leah lived with Appellees after the birth of Bayli and until such time as her arrest on drug charges in 2004. Bayli continued to live with Appellees even after the marriage of her parents, Appellant and Leah, in August of 2004.
Appellant pled guilty to simple burglary in 2001 and was placed on three years supervised probation. He violated his probation in March of 2002, thus resulting in his probation being extended. The most recent of numerous other charges against Appellant resulted in a September 2005 conviction for possession with intent to distribute a Schedule II drug. He was sentenced to five years suspended sentence with three years supervised probation. In March of 2005, Appellant entered into the Teen Challenge faith-based drug rehabilitation program, which he successfully completed. He has not obtained any drug counseling or attended any rehabilitation meetings since completing Teen Challenge.
IsAppellees have encouraged a continuing relationship between Bayli and Appellant and have not done anything to discourage such a relationship.
Appellant has appealed the trial court’s denial of modification of custody and has alleged the following assignment of error:
APPELLANT’S ASSIGNMENT OF ERROR:
The Trial Court erred by failing to find a change in circumstances and by granting custody of Bayli to her grandparents instead of a parent.
LAW AND DISCUSSION OF THE MERITS:
We have been asked to review the trial court’s denial of Appellant’s request to modify a consent custody agreement pertaining to a minor child. It is significant that there have been two custody decrees on this matter and that both of them have been consented to by Appellant. This court has noted that such agreements may only be modified when there is a *480 showing that there has been a material change in circumstances and that the modification would be in the best interest of the minor child.
If a prior award of custody has been made by consent decree, the proponent for change must show that a material change in circumstances affecting the child’s welfare has occurred since the last custody judgment before the court will consider a change in custody. Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986); Millet v. Andrasko, 93-0520, p. 5-6 (La.App. 1st Cir.3/11/94), 640 So.2d 368, 370-71. If a nonparent has been awarded custody, the parent moving for a change or modification must show a change in circumstances and that the change in custody would be in the best interest of the child. Millet, 93-0520, at p. 5-6, 640 So.2d at 371.
Matter of Landrum, 97-826, p. 4 (La.App. 3 Cir. 12/10/97), 704 So.2d 872, 874 (quoting Robert v. Gaudet, 96-2506, p. 6 (La. App. 1 Cir. 3/27/97), 691 So.2d 780, 783).
STANDARD OF REVIEW
|4This court has previously held in Gremillion v. Gremillion, 07-492 (La.App. 3 Cir. 10/03/07), 966 So.2d 1228, that a trial court’s determination in a child custody case is entitled to great weight and should not be disturbed absent a showing that there was a clear abuse of discretion on the part of the trial judge.
The standard of review in child custody matters has been clearly stated by this court:
The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court’s determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion. Hawthorne v. Hawthorne, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, writ denied, 96-1650 (La.10/25/96), 681 So.2d 365.
Id. at 1231-1232 (quoting Hawthorne v. Hawthorne, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, writ denied, 96-1650 (La.10/25/96), 681 So.2d 365).
DISCUSSION OF APPLICABLE LAW
Appellant has urged that a material change in circumstances has occurred in that he has completed substance abuse treatment through the Teen Challenge program. He asserts that he has been sober for three years and has now become a worthy father as a reformed man.
While this court commends Appellant’s efforts at bettering his health and livelihood and encourages Appellant to remain motivated in continuing on this brighter path, it must acknowledge that this absence of illegal activity falls short of the requirements this court has demanded to satisfy a material change in circumstances.
We note that at the time of the second consent decree in October of 2007, Appellant had already been two years removed from the treatment that he claims |ficured him of his addictions. The next step in the logical progression is to ask what material change in circumstance has occurred since that time. It appears that Appellant has merely tacked additional time onto his continued sobriety. He is asking us to consider the dearth of a stumble on his part as a material change in circumstances.
Appellant argues that the holding set forth in Richardson v. Richardson, 07-0430 (La.App. 4 Cir. 12/28/07), 974 So.2d 761, applies to this case. The court in Richardson held that a material change in circumstances existed when a father engaged in the continued use of cocaine over a one and a half year period. Appellant *481 contends that this principle applies by analogy — that his abstention from drug use for a period of time similarly amounts to a material change in circumstances. We do not agree. Appellant has merely acted in conformity with the expectations placed on him by society and the legal system.
While it is evident that Mr. Stoker has made changes in his own life since his last arrest, there have been no material changes in circumstances since the time of the last consent judgment that would justify a modification of custody, as the changes referred to do not have an effect on the welfare of the child. All that has transpired is Mr. Stoker’s continued disuse of drugs. While Appellant should be proud of his achievement and while a longer period of compliance may ultimately be adequate to meet his burden of proof, his mere obedience to the law for a period of six months since the last adjudication is not enough to lead us to find that the trial court abused its considerable discretion in determining whether there was a material change of circumstances in this matter.
It has been argued that the jurisprudence applied in this case stands in contrast]^ Louisiana Civil Code Article 133:
If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.
The article recognizes the parent’s paramount right to custody of the child and applies a heavier burden than that required in modifying a consent decree— thus presenting two distinct standards that could be applied in the present matter. We find, however, that the same result should be reached under both tests. So long as awarding custody to the parent would be detrimental to the child and awarding custody to the non-parent would serve the child’s best interests, an award of custody to the Appellees would be appropriate in this case. Creed v. Creed, 94-268, (LaApp. 3 Cir. 12/21/94), 647 So.2d 1362. We find that it is. At the time of the first consent decree, it was clear that it would have been to Bayli’s detriment to have been placed in the custody of the Appellant — considering his drug use and other illegal behavior. The Appellant has taken steps to rehabilitate himself. Rehabilitation could be considered a material change in circumstances which would allow him to meet his burden of proof. The question of whether the Appellant’s rehabilitation has progressed to a point that it may be considered a material change in circumstances is a fact driven inquiry. We read the trial court opinion to be a finding that his rehabilitation has not yet reached that point. For these reasons, we find that there was no clear abuse of discretion on the part of the trial court.
CONCLUSION:
Appellant has been unable to show that there was a clear abuse of discretion on the part of the trial court in determining that there was no material change in | circumstances since the time of the last consent judgment in this matter. Therefore, we affirm the underlying judgment with a reservation of the right of the Appellant to seek modification of the present custodial arrangement upon satisfactory proof, with competent evidence, of his successful rehabilitation and ability to regain parental custody of his child. All costs of this proceeding are to be paid by Appellant.
AFFIRMED.
PETERS, J., dissents with written reasons.