CRICHTON, J.,-
concurs in the result and assigns reasons.
hi agree with the result reached by the majority. I write separately only tó convey that, in my view, Francisco did not demonstrate a “material change of circumstances” sufficient to trigger the second prong of the analysis applied by this Court. t
For eight years, the maternal grandparents served as the primary caregivers for their grandchild. Francisco’s involvement during this time was minimal to nonexistent. In 2014, however, Francisco expressed a desire to spend more time with his son, and the grandparents acceded to his request. Francisco essentially asks this Court to find that the maternal grandparents’ facilitation of contact between him and his son constitutes a material change of circumstances sufficient to alter the stipulated custody judgment. .
Francisco’s recent efforts to foster a relationship with his child do stand in stark contrast to" his earlier profound indifference, and certainly mark a “change of circumstances.” However, iñ my view, the record lacks evidence of a “transformation” or of Francisco being “integrally involved in the child’s- life[J” In short, considering the unique set of facts and circumstances of this case, and consistent with prior analyses of lower courts, I find that the threshold of materiality has not been reached here. See, e.g., Dalme v. Dalme, 09-524 (La.App. 3 Cir. 10/14/09), 21 So.3d 477, writ denied, 09-2560 (La.1/8/10), 24 So.3d 868 (finding that positive changes in a father’s life did not a constitute material changes of circumstances sufficient to modify a custody decree), and Galliano v. Galliano, 09-0565 (La.App. 4 Cir. 9/30/09), 2009 WL 8678650 (an increase in contact between father and children did not by itself constitute a material change in circumstances).
In another case that is particularly instructive, Cormier v. Cormier, 12-1340 (La.App. 3 Cir. 4/24/13), 112 So.3d 1073, writ denied, 13-1561 (La.7/19/13), 119 So.3d 596, the father argued that,.because the mother “willingly allowed him several instances of extra, visitation, this amounts to a material change in circumstances from the previously entered consent judgment.” Id. at 1077. The Third Circuit Court of Appeal rejected that- argument, noting as follows:
*252 We strongly disagree with this contention and shudder to think of the potential chilling effect such a conclusion would have on encouraging cooperation between ■ parents with joint custody. [The mother] should not be penalized for attempting to foster an amicable relationship with her ex-spouse and to allow her son extra time with his father.

Id.

The Cormier reasoning applies here with equal force. By finding that Francisco’s increased contact can itself constitute a material change of circumstances, in my view, we risk inadvertently chilling a domiciliary custodian’s desire to permit the child time with the other parent. For these reasons, I do not find that Francisco has met his burden to show a material change of circumstances has occurred, thus obviating the need to address the second prong of the analysis. In all other respects, I agree with the majority opinion.